**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 (MJD/SRN) |
| This Document Relates to: | : | |
| *Joseph A. Messina, Jr., v. Bayer AG, et al.* | : | Case No. 02-0157 |

**MEMORANDUM IN SUPPORT OF DEFENDANT BAYER CORPORATION'S MOTION FOR DISCOVERY SANCTIONS**

On February 8, 2006, this Court entered Pretrial Order 149 ("PTO 149") establishing a schedule and procedure for case-specific discovery. Section I.A.2. of PTO 149 provides, in part:

> d. Except for good cause shown, if a Plaintiff fails to appear for his/her scheduled deposition, such Plaintiff's claims will be dismissed with prejudice.
>
> e. If a party or its counsel does not intend to appear for a deposition, counsel for that party must provide written notice to the attorney who noticed the deposition at least 24 hours before the deposition is scheduled to commence. Absent a showing of good cause, counsel for a non-appearing party who fails to provide this notice will be liable for the fees of the court reporter.

On April 13, 2007, and consistent with PTO 149, Defendant Bayer served a Notice of Deposition of Plaintiff Joseph Messina, Jr. upon Plaintiff's counsel of record (attached as Ex. 1). The deposition was noticed for April 30, 2007, at 9:00 a.m. at the offices of Chaffe McCall, LLP in New Orleans, Louisiana. *Id.*

Having received no written notice of Plaintiff's intent not to appear, the deposition went forward as noticed. Neither Plaintiff nor Plaintiff's counsel appeared for

the deposition. Thereafter, counsel for Bayer created a record documenting Plaintiff's failure to appear (attached as Ex. 2). Fees for the court reporter's services totaled $125.00 (attached as Ex. 3).

Defendant now moves for discovery sanctions under Federal Rules of Civil Procedure 37(b)(2)(C) and 37(d).

**ARGUMENT**

Federal Rule of Civil Procedure 37 confers upon the Court broad discretion to impose sanctions for failure of a party to appear at a properly noticed deposition and failure to comply with discovery orders, including the sanction of dismissal. Rule 37(d) states that if a party designated for deposition fails to appear after being served with a proper notice, "the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule." Rule 37(b)(2)(C) provides, in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, [including an order] dismissing the action or proceeding or any part thereof . . . .

Defendant asks the Court to dismiss this Plaintiff's claims because PTO 149 established the procedures for case-specific discovery, Plaintiff has willfully violated that Order, and Defendant has been prejudiced by Plaintiff's failure to appear for a deposition. *See Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 940 (8th

Cir. 2000) (stating that dismissal "may be considered as a sanction" where there is "(1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party"); *Avionic Co. v. Gen'l Dynamics Corp*., 957 F.2d 555, 559 (8th Cir. 1992) ("In the context of Rule 37(b)(2) motions 'prejudice' exists if the failure to make discovery impairs the opponent's ability to determine the factual merits of the party's claim."); *see also David v. Musicland Group, Inc.*, 2005 WL 2105525, at *1 (D. Minn. Aug. 30, 2005) (granting defendant's motion to dismiss under Rule 37(d) for plaintiff's failure to appear at deposition).

With respect to Plaintiff Joseph Messina, his non-attendance at the deposition substantially prejudiced Defendant's ability to assess the factual merits of his claim. Defendant was prevented from eliciting critical factual testimony on a wide range of topics, such as determining when, if ever, Plaintiff used Baycol; the nature, extent, and potential causes of Plaintiff's alleged injuries; and the extent of Plaintiff's alleged damages. Moreover, Mr. Messina's deliberate failure to attend his deposition demonstrates a lack of interest in this case and an abandonment of this claim.

**CONCLUSION**

Because Plaintiff has willfully violated PTO 149 by failing to appear for his deposition as noticed and failing to provide written notice that he would not appear, Defendant Bayer Corporation respectfully requests that this Court dismiss with prejudice the claims of Plaintiff Joseph Messina and order Plaintiff's counsel to assume liability for the fees of the court reporter for this deposition.

Dated: May 16, 2007

Respectfully submitted,

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60610
(312) 494-4400

/signature on file/
Susan A. Weber
James W. Mizgala
Jennifer A. Foster
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000

Douglas R. Marvin
WILLIAMS & CONNOLLY
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

*Counsel for Bayer Corporation*