**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 (MJD/SRN) |
| This Document Relates to: | : | |
| *Joseph Messina v. Bayer Corp., et al.* | : | Case No. 02-0157 |

**DEFENDANT BAYER CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR DISCOVERY SANCTIONS**

On June 6, 2007, Larson King, LLP ("plaintiff's counsel") filed a response to Defendant Bayer Corporation's Motion for Discovery Sanctions against plaintiff Joseph Messina, asserting that Mr. Messina's claims should not be dismissed, despite his failure to appear for deposition. Plaintiff's counsel claims that this sanction is not warranted because, due to probable displacement by Hurricane Katrina, Mr. Messina could not be located prior to his deposition.

This argument does not rise to the level of "good cause" required by Pretrial Order 149 ("PTO 149") to avoid dismissal with prejudice. *See* PTO 149 § I.A.2.d. Indeed, PTO 149 provided a very specific remedy for plaintiffs who were affected by Hurricane Katrina – the ability to move their cases to Phase IV, thus providing a considerable extension of time before they would have to appear for deposition. *See* PTO § I.D. Further, PTO 149 clearly informed plaintiffs and their counsel that "[n]o further extension will be granted except on a showing of extraordinary circumstances by the Plaintiff." *Id.*

Plaintiff's counsel has not made the necessary showing of "extraordinary circumstances" in this case. Although plaintiff's counsel asserts that it has undertaken "multiple, diligent efforts" to locate Mr. Messina,[1] it did not inform counsel for Bayer that Mr. Messina would fail to appear for his deposition until the eve of the deposition. Even then, plaintiff's counsel did not notify Bayer of its efforts to locate Mr. Messina or request an extension of time in which Mr. Messina's deposition could be rescheduled. Given the sheer number of depositions scheduled in Phase IV, this court should not countenance plaintiff's counsel's last-ditch efforts to salvage Mr. Messina's claims, but should continue to require strict compliance with PTO 149.

## CONCLUSION

For the reasons stated herein, Defendant Bayer Corporation respectfully requests that this Court grant its May 16, 2007 Motion for Discovery Sanctions seeking dismissal of plaintiff Joseph Messina's claims with prejudice for his failure to comply with PTO 149.

Dated: June 12, 2006

Respectfully submitted,

/signature on file/

Susan A. Weber
James W. Mizgala
Jennifer A. Foster
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

[1] Now, over a month later, plaintiff's counsel still has been unable to locate Mr. Messina, despite its "multiple, diligent efforts."

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60610
(312) 494-4400

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Peter W. Sipkins (No. 101540)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA 15219
(412) 566-6000

*Counsel for Bayer Corporation*