**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

*In re BAYCOL PRODUCTS LITIGATION* MDL NO. 1431 (MJD/SRN)

**REPORT AND RECOMMENDATION**

This Document Relates to:

*Joseph A. Messina, Jr. v. Bayer AG, et al.* Case No. 02-0157

---

Shawn M. Raiter and Jennifer G. Daugherty, Esqs. on behalf of Plaintiff Joseph A. Messina, Jr.

Susan A. Weber and James W. Mizgala, Esqs. on behalf of Defendant Bayer Corporation

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter comes before the undersigned United States Magistrate Judge on Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Joseph A. Messina, Jr. (Doc. No. 9). This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. INTRODUCTION

Defendant Bayer Corporation ("Bayer") moves this Court to dismiss this action with prejudice as a sanction under PTO 149 and Federal Rules of Civil Procedure 37(B)(2)(C) and 37(d) for Plaintiff Joseph A. Messina, Jr.'s failure to appear for his duly noticed deposition on April 30, 2007, in New Orleans, Louisiana. Section I.A.2 of PTO 149 provides, in relevant part:

a. Defendants shall be entitled to depose each Plaintiff . . .

d. Except for good cause shown, if a Plaintiff fails to appear for his/her scheduled deposition, such Plaintiff's claims will be dismissed with prejudice.

On April 13, 2007, fully consistent with PTO 149, Bayer served a Notice of Deposition of Plaintiff Joseph A. Messina, Jr. upon Plaintiff's counsel of record to be taken on April 30, 2007, at Chaffe McCall, LLP in New Orleans, Louisiana. Having received no written notice that Plaintiff would not be appearing, the deposition went forward. Neither Plaintiff nor Plaintiff's counsel appeared. Bayer created a record documenting Plaintiff's failure to appear, but Bayer does not seek recovery of court reporter fees. (See Doc. No. 11.)

## II. DISCUSSION

Bayer argues that Plaintiff willfully violated PTO 149, which established mandatory procedures for case-specific discovery, and that Bayer is prejudiced by Plaintiff's failure to appear for the deposition. In order to adequately defend against Plaintiff's claims, Bayer argues that it is entitled to fundamental discovery regarding Plaintiff's use of Baycol; the nature, extent, and potential causes of Plaintiff's alleged injuries; and the extent of Plaintiff's alleged damages.

In response to Bayer's motion, Plaintiff's counsel advises the Court that he has not been able to locate Plaintiff despite multiple efforts. Counsel believes Plaintiff was displaced by Hurricane Katrina. To this, Bayer replies that PTO 149 provides a remedy for plaintiffs displaced by Hurricane Katrina — to be reclassified as a Phase IV plaintiff — but Plaintiff's counsel failed to seek relief as instructed by PTO 149. Bayer additionally notes that Plaintiff's counsel has not shown any extraordinary circumstances, as required by Section I..D. of PTO 149, to obtain a further extension.

Federal Rule of Civil Procedure 37 provides courts with broad discretion to impose sanctions for failure to comply with discovery orders, including the ultimate sanction of dismissal with prejudice. In pertinent part, the rule states that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, [including] an order . . . dismissing the action or proceeding or any part thereof." Fed. R. Civ. P. 37(b)(2)(C).

In the Eighth Circuit, dismissal may be considered as a sanction only where there is an order compelling discovery, willful violation of that order, and prejudice to the opposing party. Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000) (citation omitted). While a district court has discretion to impose discovery sanctions, such sanctions must be just and specifically related to the claim at issue. Id. (citations omitted). Before imposing dismissal, a court must consider whether a lesser sanction is appropriate under the circumstances, but need not impose the least onerous sanction available. Id. (citations omitted). The Court notes that the sanction of dismissal has been found appropriate in similar Baycol matters. See, e.g., Haines v. Bayer Corp., Civ. No. 03-4601 (MJD/SRN), slip. op. at 1 (D. Minn. May 23, 2007) (adopting Report and Recommendation of May 4, 2007).

In the present case, PTO 149 specifically and clearly calls for the dismissal of an action if a plaintiff fails to appear for his or her deposition. In addition, Plaintiff's failure to appear was willful. Not only is the penalty clearly set forth in this long-standing pretrial order, but Plaintiff's counsel failed to advise Bayer of efforts to locate Plaintiff or request an extension of time to reschedule the deposition.

Further, the Court finds that Bayer has shown the requisite prejudice. It is undisputed that Bayer is entitled to discover fundamental facts regarding Plaintiff's usage of Baycol, injuries, and damages, by way of deposition. Plaintiff's willful failure to appear for his deposition makes it virtually impossible for Bayer to prepare an adequate defense to his claims. Hence, a sanction of dismissal of Plaintiff's claims is appropriate under these circumstances.

This Court must consider, of course, whether a lesser sanction against Plaintiff would cure the prejudice to Bayer. The Court concedes that plaintiffs impacted by Hurricane Katrina merit special consideration, but Plaintiff's counsel did not comply with PTO 149 in seeking such treatment. In addition, Plaintiff's counsel failed to advise Bayer of its efforts to locate Plaintiff or request an extension of time in which to reschedule the deposition. Thus, the Court finds in its discretion that any lesser sanction would be futile. It is therefore recommended that the sanction of dismissal be imposed.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Joseph A. Messina, Jr. (Doc. No. 9) be **GRANTED**; and
2. Plaintiff Joseph A. Messina, Jr.'s claims be **DISMISSED WITH PREJUDICE**.

Dated: August 3, 2007

s/ Susan Richard Nelson
Susan Richard Nelson
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 20, 2007,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.